# EXHIBIT A

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM

NYSCEF DOC. NO. 1

INDEX NO. 701773/2025

RECEIVED NYSCEF: 01/22/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| Kervin Leatham, | Index No.: 701773/2025 |
| Plaintiff, | |
| -against- | **SUMMONS** |
| TD Bank, N.A.; Target Corporation; Equifax Information Services LLC; Trans Union LLC a/k/a TransUnion, | |
| Defendants. | |

**TO THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer on the attorneys for the Plaintiff at the address listed below, within twenty (20) days after the service of this Summons (exclusive of the day of service), or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the State. The United States of America, if designated as a defendant in this action, may appear within sixty (60) days of service hereof.

**YOU ARE HEREBY NOTIFIED THAT,** should you fail to answer, judgement will be entered against you by default for the relief demanded in the complaint.

**VENUE:** Plaintiff designates Queens County as the place of trial. The basis of this venue designation is the county which Plaintiff resides.

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM
NYSCEF DOC. NO. 1

INDEX NO. 701773/2025
RECEIVED NYSCEF: 01/22/2025

Dated: Brooklyn, New York
January 22, 2025

**PETROFF AMSHEN LLP**
*Attorneys for Plaintiff,*
Kervin Leatham

*/s/ Serge F. Petroff*
Serge F. Petroff, Esq.
1795 Coney Island Avenue, Third Floor
Brooklyn, New York 11230
Telephone: (718) 336-4200
Email: spetroff@petroffamshen.com

To:    **TD BANK, N.A.**
1701 Route 70 East
Cherry Hill, New Jersey 08034

**TARGET CORPORATION**
c/o CT Corporation System
28 Liberty Street
New York, New York 10005

**EQUIFAX INFORMATION SERVICES LLC**
c/o Corporation Service Company
80 State Street
Albany, New York 12207

**TRANS UNION LLC a/k/a TRANSUNION**
c/o The Prentice-Hall Corporation System, Inc.
80 State Street
Albany, New York 12207-2543

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM

NYSCEF DOC. NO. 1

INDEX NO. 701773/2025

RECEIVED NYSCEF: 01/22/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Kervin Leatham,

Plaintiff,

-against-

TD Bank, N.A.; Target Corporation; Equifax
Information Services LLC; Trans Union LLC a/k/a
TransUnion,

Defendants.

Index No.: 701773/2025

**COMPLAINT**

Plaintiff Kervin Leatham (the "Plaintiff"), by and through his attorneys, Petroff Amshen

LLP, as and for his complaint against the defendants (collectively, the "Defendants"), hereby

alleges the following upon personal knowledge, review of public record, and/or otherwise upon

information and belief:

1.       Plaintiff brings this action for damages arising under the Fair Credit Reporting Act

("FCRA") (15 U.S.C. § 1681, *et seq.*) and its implementing Regulation V (12 C.F.R. Part 1022),

and New York General Business Law ("GBL") codifying New York's Fair Credit Reporting Act

(the "NYFCRA") (GBL § 374, *et seq.*), resulting from Defendants' willful and ongoing violations

of consumer credit protection laws, including failure to investigate and correct inaccurate credit

reporting duly disputed by Plaintiff.

2.       Finding that "[t]he banking system is dependent upon fair and accurate credit

reporting," and "[i]naccurate credit reports directly impair the efficiency of the banking system,"

Congress enacted the FCRA "to require that consumer reporting agencies adopt reasonable

procedures for meeting the needs of commerce for consumer credit [...] in a manner which is fair

and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM    INDEX NO. 701773/2025
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/22/2025

utilization of such information [...]" 15 U.S.C. § 1681.

3.    Thus, because "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers," Congress determined that the protections of the FCRA were necessary "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *See id.*

4.    Relying on these protections, Plaintiff notified the Defendants of specific errors in his credit report including inaccurate and duplicative negative reporting, and omission of payment history data that would beneficially impact his credit score.

5.    Despite Defendants' "grave responsibilities" to ensure the accuracy and proper utilization of Plaintiff's credit information, Defendants failed to properly investigate or correct these errors, causing Plaintiff to suffer additional and ongoing credit damage, adverse action, and other damages.

## PARTIES AND VENUE

6.    Plaintiff is an individual resident of the State of New York, County of Queens, residing at 87-31 250th Street, Bellerose, New York 11423.

7.    Defendant TD Bank, N.A. ("TD Bank") is a national banking association organized under the laws of the United States, with its principal place of business at 1701 Route 70 East, Cherry Hill, New Jersey 08034.

8.    Defendant Target Corporation ("Target") is a corporation organized under the laws of the State of Minnesota, with its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

9.    Defendant Equifax Information Services LLC ("Equifax") is a limited liability

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM

NYSCEF DOC. NO. 1

INDEX NO. 701773/2025

RECEIVED NYSCEF: 01/22/2025

company organized under the laws of the State of Georgia, with its principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a wholly owned subsidiary of Equifax Inc. Equifax is one of the three national CRAs recognized by the FTC.[1]

10.    Defendant Trans Union LLC a/k/a Transunion ("TransUnion") is a limited liability company organized under the laws of the state of Delaware, with its principal place of business at 555 West Adams Street, Chicago, Illinois 60661. TransUnion is one of the three national CRAs recognized by the FTC.[2]

## STATEMENT OF FACTS

11.    TD Bank, through its partnership with Target, is the issuer of the Target/TD credit card ("Target Account") with the account number 585975211033**** in credit reports supplied to Plaintiff by the Defendant CRAs.

12.    The Target Account is being reported with inaccurate information regarding its status and balance in credit reports.

13.    On October 25, 2024, the Plaintiff entered into a settlement agreement with First Source Advantage LLC, a third-party debt collection agency that was managing the Target Account debt at the time.

14.    The Target Account debt was fully settled and paid as of October 25, 2024, and the Plaintiff no longer owes any balance.

15.    On October 28, 2024, Plaintiff sent a Notice of Dispute to the Defendants CRAs for misreporting false or erroneous information, requesting that the Defendants CRAs remove this inaccurate reporting. *See* **Exhibit A.**

---

[1] TD Bank and Target shall be referred collectively herein as the "Furnisher Defendants."

[2] TransUnion and Equifax shall be referred to collectively herein as the "Defendant CRAs."

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM
NYSCEF DOC. NO. 1

INDEX NO. 701773/2025
RECEIVED NYSCEF: 01/22/2025

16.    Despite the settlement and full payment made on October 25, 2024, the Target Account continues to be reported inaccurately on the Plaintiff's credit reports:

- TransUnion: This reports "c/o" remarks as of November 2024, which is incorrect since the debt was settled and paid on October 25, 2024.

- Equifax: This reports inaccurately an unpaid balance of $210.00 which should not be the case, as the debt was satisfied as of October 2024.

17.    The inaccurate reporting of this account has caused significant damage to Plaintiff's credit score. The erroneous indication of an outstanding balance has resulted in a lowered credit score, making it more difficult for the Plaintiff to obtain credit.

18.    Both Target and TD Bank have failed to ensure accurate reporting of this account. They have not protected the Plaintiff's rights by making the necessary updates to reflect the settlement and closing of the account with a zero balance.

## VIOLATIONS OF THE FCRA
### (15 U.S.C. § 1681, *et seq.*)

19.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

20.    Plaintiff is a "consumer" as defined by the FCRA. *See* 15 U.S.C § 1681a(c).

21.    Furnishers Defendants are "furnishers" of information to consumer reporting agencies, with a duty to fulfill the statutory responsibilities enumerated under 15 U.S.C § 1681s-2, including providing accurate information relating to consumers.

22.    Each of the Furnisher Defendants are also a "person" as defined by the FCRA. *See* 15 U.S.C § 1681a(b).

23.    Subpart E of Regulation V, the FCRA's implementing regulation, applies to furnishers of information, including the Furnisher Defendants. *See* 12 C.F.R §§ 1022.1, 1022.40.

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM
NYSCEF DOC. NO. 1

INDEX NO. 701773/2025
RECEIVED NYSCEF: 01/22/2025

24.     The Defendant CRAs each qualify as a "consumer reporting agency" as defined by the FCRA. *See* 15 U.S.C § 1681a(f).

25.     The Defendant CRAs each qualify as a "consumer reporting agency that complies and maintains files on consumers on a nationwide basis," as defined by the FCRA. *See* 15 U.S.C §1681a(p).

**COUNT I**
**Willful Reporting of Inaccurate Information to Consumer Reporting Agencies**
**(15 U.S.C. §§ 1681s-2, 1681n)**
*AS TO THE FURNISHER DEFENDANTS*

26.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

27.     The FCRA prohibits furnishers from reporting information to a CRA "with actual knowledge of errors" and "after notice and confirmation of errors." See 15 U.S.C § 1681s-2(a)(1).

40.     Specifically, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." *See* 15 U.S.C. § 1681s-2(a)(1)(A). "The term 'reasonable cause to believe that the information is inaccurate' means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information." 15 U.S.C. § 1681s-2(a)(1)(D).

28.     Additionally, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -- (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate." *See* 15 U.S.C. § 1681s-2(a)(1)(B).

41.     Upon receipt of notice of a dispute regarding the completeness or accuracy of information provided to a CRA under 15 U.S.C. § 1681i(a)(2), a furnisher of the disputed

information must conduct a timely investigation and correct and discontinue any inaccurate reporting. *See* 15 U.S.C. § 1681s-2(b).

29.    Regulation V provides that "[e]ach furnisher must establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency," and "review its policies and procedures required by this section periodically and update them as necessary to ensure their continued effectiveness." *See* 12 C.F.R. § 1022.42.

30.    Regulation V defines "accuracy" as:

[I]nformation that a furnisher provides to a consumer reporting agency about an account or other relationship with the consumer [that] correctly: (1) [r]eflects the terms of and liability for the account or other relationship; (2) [r]eflects the consumer's performance and other conduct with respect to the account or other relationship; and (3) [i]dentifies the appropriate consumer.

31.    The Furnisher Defendants reported inaccurate account information regarding the Target Account to the Defendant CRAs, which was incorporated into Plaintiff's credit file and credit reports issued by the Defendant CRAs.

32.    The inaccurate information included: (i) contradictory account data; (ii) inaccurate and conflicting payment histories; (iii) missing data including positive/timely payment remarks; and despite the account being closed, it still reflects outstanding debt or balances.

33.    The Furnisher Defendants each received notice of Plaintiff's Notice of Dispute regarding the accuracy of his account information as reported to the Defendant CRAs.

34.    The Furnisher Defendants' deliberate and ongoing furnishing of incomplete, inaccurate, and contradictory information regarding Plaintiff's Target Account has caused Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM    INDEX NO. 701773/2025
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/22/2025

to retain professionals to assist with credit recovery, and other actual damages.

35.    As a result of the Furnisher Defendants' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred, pursuant to 15 U.S.C. § 1681n.

## COUNT II
### Negligent Reporting of Inaccurate Information to Consumer Reporting Agencies
### (15 U.S.C. §§ 1681s-2, 1681o)
### *AS TO FURNISHER DEFENDANTS*

36.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

37.    After receiving notice of Plaintiff's dispute regarding the accuracy of his account information as reported by the Defendant CRAs, the Furnisher Defendants thereafter negligently failed and refused to conduct any required investigation or to correct the disputed information and have continued inaccurately furnishing information to the Defendant CRAs regarding Plaintiff's Target Account in violation of 15 U.S.C. § 1681s-2.

38.    The Furnisher Defendants "regularly in the ordinary course of business furnishes information to one or more consumer reporting agencies about [its] transactions or experiences with any consumer." *See* 15 U.S.C. § 1681s-2(a)(2).

39.    The Furnisher Defendants furnished inaccurate information about the Target Account to the Defendant CRAs, which was incorporated into Plaintiff's credit file and credit reports. The Furnisher Defendants know, or should have known, had they conducted the required investigation, that the information they furnished to the Defendant CRAs was inaccurate.

40.    As a compiler and furnisher of consumer information concerning Plaintiff's Target Account, the Furnisher Defendants had a duty to ensure the accuracy of any such information furnished to the Defendant CRAs, and prevent the furnishing of inaccurate information, knowing

INDEX NO. 701773/2025
RECEIVED NYSCEF: 01/22/2025

that it had purchased the debt from another creditor. *See* 15 U.S.C. § 1681s-2(a)(6).

41.     Upon information and belief, the Furnisher Defendants have further negligently persisted in reporting inaccurate information to the Defendant CRAs without providing notice that Plaintiff has disputed such information, in violation of 15 U.S.C. § 1681s-2(3).

42.     Accordingly, the Defendant CRAs have continued producing credit reports for Plaintiff containing inaccurate and damaging credit information.

43.     The Furnisher Defendants' negligent and ongoing furnishing of improper, inaccurate information regarding Plaintiff's Target Account has caused Plaintiff to suffer damage including loss and reduction of credit, damage to his credit rating, higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual damages.

44.     As a result of the Furnisher Defendants' negligent conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C § 1681o, including: (i) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and lawsuit defense; (ii) statutory damages; and (iii) recovery of attorneys' fees and costs incurred herein.

**COUNT III**
**Willful Failure to Assure Accuracy of Consumer Information in Credit Report**
**(15 U.S.C. §§ 1681e(b), 1681n)**
***AS TO THE DEFENDANT CRAS***

45.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

46.     "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM    INDEX NO. 701773/2025
NYSCEF DOC. NO. 1                                  RECEIVED NYSCEF: 01/22/2025

individual about whom the report relates" 15 U.S.C. § 1681e(b).

47.    The Defendant CRAs received Plaintiff's Notice of Dispute demonstrating that Plaintiff's credit report contained inaccurate information.

48.    Despite receipt of the foregoing, the Defendant CRAs deliberately failed and refused to undertake a reasonable investigation to ensure the accuracy of reported information concerning Plaintiff's Target Account.

49.    Although the information Plaintiff provided was sufficient to verify that the disputed information in Plaintiff's credit report was inaccurate, the Defendant CRAs failed and refused to properly review it, and further failed and refused to contact Plaintiff or the Furnisher Defendants for any additional information that would assist in a reasonable investigation.

50.    Accordingly, the Defendant CRAs continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

51.    The failure to follow reasonable procedures to assure maximum possible accuracy of the information in their reports was malicious, intentional, reckless, and willful.

52.    As a result of the Defendant CRAs' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred, pursuant to 15 U.S.C § 1681n.

## COUNT IV
**Negligent Failure to Assure Accuracy of Consumer Information in Credit Report**
**(15 U.S.C. §§ 1681e(b), 1681o)**
*AS TO THE DEFENDANT CRAS*

53.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully.

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM          INDEX NO. 701773/2025
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 01/22/2025

set forth herein.

54.    Despite receipt of evidence that Plaintiff's credit report contained inaccurate information, the Defendant CRAs failed to establish and follow reasonable procedures to promptly investigate and ensure the accuracy of reported information concerning Plaintiff's Target Account.

55.    Accordingly, the Defendant CRAs continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

56.    As a result of the Defendant CRAs' negligent conduct in violation of the FCRA, Plaintiff is entitled to actual and statutory damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C. § 1681o.

**COUNT V**
**Willful Failure to Assure Accuracy of Consumer Information in Credit File**
**(15 U.S.C. §§ 1681i, 1681n)**
*As To The Defendant CRAs*

57.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

58.    "[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency [...] of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file [...]" 15 U.S.C. § 1681i(a)(1)(A).

59.    This investigation must be completed within thirty (30) days of the Defendant CRAs' receipt of the Notice of Dispute. *See id.*

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM    INDEX NO. 701773/2025
NYSCEF DOC. NO. 1                                   RECEIVED NYSCEF: 01/22/2025

60.    Defendant CRAs must also provide notice of dispute to any furnisher of the disputed information, within five (5) business days of receipt.

61.    "In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information." 15 U.S.C. § 1681i(a)(4).

62.    Within five (5) business days of completing a reinvestigation, the Defendant CRAs must provide the consumer with written notice of the results and additional statutory notices.

63.    Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs deliberately failed and refused to undertake the required reinvestigation of Plaintiff's credit file, or to ensure the accuracy of reported information concerning Plaintiff's Target Account.

64.    Although the information Plaintiff provided should have been sufficient to verify that the disputed information in Plaintiff's credit file was inaccurate, the Defendant CRAs failed and refused to properly review it, and further failed and refused to contact Plaintiff for any additional information that would assist in a reasonable investigation.

65.    Upon information and belief, the Defendant CRAs also failed to provide Plaintiff with written notice of the results of the investigation, or any of the additional required statutory notices, in violation of 15 U.S.C. § 1681i.

66.    Defendant CRAs further failed to correct inaccurate and damaging credit information contained in Plaintiff's credit file, causing Plaintiff to suffer damage including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit recovery, and other actual damages.

67.    Defendant CRAs' failure to follow reasonable procedures to assure maximum

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM

NYSCEF DOC. NO. 1

INDEX NO. 701773/2025

RECEIVED NYSCEF: 01/22/2025

possible accuracy of the information in their credit files was malicious, intentional, reckless, and willful.

68.     As a result of the Defendant CRAs' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C § 1681n.

**COUNT VI**
**Negligent Failure to Assure Accuracy of Consumer Information in Credit File**
**(15 U.S.C. §§ 1681i, 1681o)**
***AS TO THE DEFENDANT CRAS***

69.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

70.     Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs had a duty to undertake the required reinvestigation of Plaintiff's credit file, and to ensure the accuracy of reported information concerning the Target Account.

71.     The Defendant CRAs failed to provide notice of Plaintiff's disputes to the furnishers of the disputed information, as required under 15 U.S.C § 1681i(a)(2).

72.     The Defendant CRAs failed to investigate Plaintiff's dispute or to properly consider the information Plaintiff submitted in connection with the dispute, and further failed and refused to contact Plaintiff, or the furnishers of the disputed information, for any additional information that would assist in a reasonable investigation.

73.     Defendant CRAs failed to correct inaccurate and damaging credit information contained in Plaintiff's credit file, or to provide Plaintiff with written notice of the results and additional required statutory notices, in violation of 15 U.S.C. § 1681i.

74.     This caused Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options,

payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

75.    As a result of the Defendant CRAs' negligent conduct in violation of the FCRA, Plaintiff is entitled to actual and statutory damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C. § 1681o.

## VIOLATIONS OF N.Y. GENERAL BUSINESS LAW

76.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

77.    Section 374 through 382-b of Article 25 of the New York General Business Law codify New York's Fair Credit Reporting Act.

78.    Plaintiff is a "consumer" within the meaning of the NYFCRA. *See* GBL § 380-a(b).

79.    Furnisher Defendants are each a "person" within the meaning of the NYFCRA. *See* GBL § 380-a(a).

80.    Defendant CRAs are each a "consumer reporting agency" within the meaning of the NYFCRA. *See* GBL § 380-a(e).

## COUNT VII
### Willful Reporting of Inaccurate Information to Consumer Reporting Agencies
### (N.Y. Gen. Bus. Law § 380-o)
### *AS TO THE FURNISHER DEFENDANTS*

81.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

82.    The NYFCRA prohibits the knowing and willful introduction or attempt to introduce false information into a consumer reporting agency's files. *See* GBL § 380-o(2). Persons who violate Section 380-o are subject to fines of up to $5,000.00, imprisonment, or both. *See id.*

83.    As a result of the Furnisher Defendants' knowing and willful introduction of false

information regarding Plaintiff's Target Account into the files of the consumer credit bureaus, Plaintiff has suffered damages including loss and reduction of credit, damage to his credit rating, higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual damages.

84.    As a result of the Furnisher Defendants' foregoing conduct in violation of the NYFCRA, Plaintiff has been damaged and is entitled to damages pursuant to GBL § 380-l, including: (i) statutory damages in an amount up to $5,000.00, to be determined by the Court; (ii) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and lawsuit defense; (iii) punitive damages; and (iv) attorneys' fees and costs incurred.

**COUNT VIII**
**Failure to Investigate and Resolve Consumer Dispute**
**(N.Y. Gen. Bus. Law §§ 380-f, 380-m)**
***AS TO THE DEFENDANT CRAs***

85.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

86.    Pursuant to GBL § 380-f(a):

*If a consumer disputes any item of information contained in his file, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall promptly re-investigate and record the current status of such information, unless it has reasonable grounds to believe that the dispute by the consumer is frivolous, and it shall promptly notify the consumer of the result of its investigation, its decision on the status of the information and his rights pursuant to this section.*

87.    If, after conducting the re-investigation, the Defendant CRAs can no longer verify an item, or confirms an error, the Defendant CRAs must, among other things, (i) "promptly expunge the item and otherwise correct the file"; (ii) "refrain from reporting the item in subsequent

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM

NYSCEF DOC. NO. 1

INDEX NO. 701773/2025

RECEIVED NYSCEF: 01/22/2025

consumer reports"; and (iii) "clearly and conspicuously disclose to the consumer his rights to make a request for notification." *See* GBL § 380-f(b).

88.     Further "if any item disputed and reinvestigated is found to be in error or can no longer be verified, upon completion of the reinvestigation of all items disputed, the Defendant CRAs shall promptly mail the consumer a corrected written copy of the file, reflecting any changes, with an explanation of any code used, at no charge to the consumer." GBL § 380-f(d).

89.     Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs were obligated to investigate Plaintiff's claims, notify Plaintiff of the results of the investigation, and fulfill any additional requirements of GBL § 380-f.

90.     Defendant CRAs failed to undertake any investigation of Plaintiff's dispute, or to review any information provided in connection with the dispute and likewise failed to revise or correct the inaccurate information in Plaintiff's credit file.

91.     Upon information and belief, the Defendant CRAs further failed to notify Plaintiff of the results of their investigation, considering no such investigation ever took place.

92.     As a result, Plaintiff has suffered damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

93.     Accordingly, Plaintiff is entitled to recover actual damages, together with reasonable attorneys' fees and costs pursuant to GBL § 380-m.

94.     Defendant CRAs are further liable to Plaintiff pursuant to GBL § 380-l, for actual damages, punitive damages, and attorneys' fees and costs incurred.

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM

NYSCEF DOC. NO. 1

INDEX NO. 701773/2025

RECEIVED NYSCEF: 01/22/2025

**WHEREFORE,** Plaintiff respectfully demands judgement awarding all actual, statutory,

and/or punitive damages and other relief available pursuant to applicable law.

Dated: Brooklyn, New York
January 22, 2025

　　　　　　　　　　　　　　　　PETROFF AMSHEN LLP
　　　　　　　　　　　　　　　　*Attorneys for Plaintiff,*
　　　　　　　　　　　　　　　　Kervin Leatham

　　　　　　　　　　　　　　　　*/s/ Serge F. Petroff*
　　　　　　　　　　　　　　　　Serge F. Petroff, Esq.
　　　　　　　　　　　　　　　　1795 Coney Island Avenue, Third Floor
　　　　　　　　　　　　　　　　Brooklyn, New York 11230
　　　　　　　　　　　　　　　　Telephone: (718) 336-4200
　　　　　　　　　　　　　　　　Email: spetroff@petroffamshen.com

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM

INDEX NO. 701773/2025

NYSCEF DOC. NO. 2

RECEIVED NYSCEF: 01/22/2025

# EXHIBIT A

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM    INDEX NO. 701773/2025
NYSCEF DOC. NO. 2                                  RECEIVED NYSCEF: 01/22/2025

**Certified Mail Tracking Information**

**Name: Kervin Leatham**
**Date sent: 10/28/24**

**EQ**: https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765486178477

**EX:** https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765486178569

**TU:** https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765486178545

Kervin Leatham
87-37 250th St
Bellerose, New York 11426
Date of Birth: 01/11/
SS#: 7443

**Notice of Dispute**

Equifax Information Services LLC
P.O. Box 740256
Atlanta, GA 30374 - 0256

10/28/2024

To the following creditors, I would like to dispute the follow accounts for misreporting false or erroneous information that is negatively affecting my credit.

Accounts to Dispute:

1. Charge-off account has inaccurate information
   TARGET/TD
   Account Number: 585975211033****
   I believe this charge-off account is reporting inaccurately because I called and settled this debt on October 25, 2024; therefore, I no longer owe a balance. I made a settlement agreement with First Source Advantage LLC, a third-party debt collection agency that was managing the debt. This account should reflect a paid and closed status with a zero balance. I have provided a screenshot as proof that the debt has been paid and satisfied as of October 2024. This inaccurate reporting has damaged my credit and my ability to utilize my credit. Please investigate this issue and make the necessary changes to my credit report immediately as of October 2024.

Please investigate the aforementioned accounts, and make the necessary updates to my credit report.

I have included copies of my driver's license, social security card and bill in order to confirm and act as proof of my identity, name and adress in my credit report. Also I have provided my address, date of birth and last four digits of my social security number above in order to properly locate my file.

I appreciate your help in this matter.

Warm regards,

Kervin Leatham

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM     INDEX NO. 701773/2025
NYSCEF DOC. NO. 2                                  RECEIVED NYSCEF: 01/22/2025

**Kervin Leatham**
87-37 250th St
Bellerose, New York 11426
Date of Birth: 01/11/▮
SS#: 7443

**Notice of Dispute**

TransUnion LLC Consumer Dispute Center
PO Box 2000
Chester, PA 19016

10/28/2024

To the following creditors, I would like to dispute the follow accounts for misreporting false or erroneous information that is negatively affecting my credit.

Accounts to Dispute:

1. Charge-off account has inaccurate information
   TARGET/TD
   Account Number: 585975211033****
   I believe this charge-off account is reporting inaccurately because I called and settled this debt on October 25, 2024; therefore, I no longer owe a balance. I made a settlement agreement with First Source Advantage LLC, a third-party debt collection agency that was managing the debt. This account should reflect a paid and closed status with a zero balance. I have provided a screenshot as proof that the debt has been paid and satisfied as of October 2024. This inaccurate reporting has damaged my credit and my ability to utilize my credit. Please investigate this issue and make the necessary changes to my credit report immediately as of October 2024.

Please investigate the aforementioned accounts, and make the necessary updates to my credit report.

I have included copies of my driver's license, social security card and bill in order to confirm and act as proof of my identity, name and adress in my credit report. Also I have provided my address, date of birth and last four digits of my social security number above in order to properly locate my file.

I appreciate your help in this matter.

Warm regards,

Kervin Leatham

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM

NYSCEF DOC. NO. 1

INDEX NO. 701773/2025

RECEIVED NYSCEF: 01/22/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| Kervin Leatham, | Index No.: |
| Plaintiff, | |
| -against- | **SUMMONS** |
| TD Bank, N.A.; Target Corporation; Equifax Information Services LLC; Trans Union LLC a/k/a TransUnion, | |
| Defendants. | |

**TO THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer on the attorneys for the Plaintiff at the address listed below, within twenty (20) days after the service of this Summons (exclusive of the day of service), or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the State. The United States of America, if designated as a defendant in this action, may appear within sixty (60) days of service hereof.

**YOU ARE HEREBY NOTIFIED THAT,** should you fail to answer, judgement will be entered against you by default for the relief demanded in the complaint.

**VENUE:** Plaintiff designates Queens County as the place of trial. The basis of this venue designation is the county which Plaintiff resides.

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM
NYSCEF DOC. NO. 1

INDEX NO. 701773/2025
RECEIVED NYSCEF: 01/22/2025

Dated: Brooklyn, New York
January 22, 2025

**PETROFF AMSHEN LLP**
*Attorneys for Plaintiff,*
Kervin Leatham

*/s/ Serge F. Petroff*
Serge F. Petroff, Esq.
1795 Coney Island Avenue, Third Floor
Brooklyn, New York 11230
Telephone: (718) 336-4200
Email: spetroff@petroffamshen.com

To:    **TD BANK, N.A.**
1701 Route 70 East
Cherry Hill, New Jersey 08034

**TARGET CORPORATION**
c/o CT Corporation System
28 Liberty Street
New York, New York 10005

**EQUIFAX INFORMATION SERVICES LLC**
c/o Corporation Service Company
80 State Street
Albany, New York 12207

**TRANS UNION LLC a/k/a TRANSUNION**
c/o The Prentice-Hall Corporation System, Inc.
80 State Street
Albany, New York 12207-2543

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM

NYSCEF DOC. NO. 1

INDEX NO. 701773/2025

RECEIVED NYSCEF: 01/22/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| Kervin Leatham,<br><br>                                        Plaintiff,<br><br>                    -against-<br><br>TD Bank, N.A.; Target Corporation; Equifax Information Services LLC; Trans Union LLC a/k/a TransUnion,<br><br>                                        Defendants. | Index No.:<br><br>**COMPLAINT** |

Plaintiff Kervin Leatham (the "Plaintiff"), by and through his attorneys, Petroff Amshen LLP, as and for his complaint against the defendants (collectively, the "Defendants"), hereby alleges the following upon personal knowledge, review of public record, and/or otherwise upon information and belief:

1.      Plaintiff brings this action for damages arising under the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681, *et seq.*) and its implementing Regulation V (12 C.F.R. Part 1022), and New York General Business Law ("GBL") codifying New York's Fair Credit Reporting Act (the "NYFCRA") (GBL § 374, *et seq.*), resulting from Defendants' willful and ongoing violations of consumer credit protection laws, including failure to investigate and correct inaccurate credit reporting duly disputed by Plaintiff.

2.      Finding that "[t]he banking system is dependent upon fair and accurate credit reporting," and "[i]naccurate credit reports directly impair the efficiency of the banking system," Congress enacted the FCRA "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit [...] in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM
NYSCEF DOC. NO. 1

INDEX NO. 701773/2025
RECEIVED NYSCEF: 01/22/2025

utilization of such information [...]" 15 U.S.C. § 1681.

3.      Thus, because "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers," Congress determined that the protections of the FCRA were necessary "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *See id.*

4.      Relying on these protections, Plaintiff notified the Defendants of specific errors in his credit report including inaccurate and duplicative negative reporting, and omission of payment history data that would beneficially impact his credit score.

5.      Despite Defendants' "grave responsibilities" to ensure the accuracy and proper utilization of Plaintiff's credit information, Defendants failed to properly investigate or correct these errors, causing Plaintiff to suffer additional and ongoing credit damage, adverse action, and other damages.

## PARTIES AND VENUE

6.      Plaintiff is an individual resident of the State of New York, County of Queens, residing at 87-31 250th Street, Bellerose, New York 11423.

7.      Defendant TD Bank, N.A. ("TD Bank") is a national banking association organized under the laws of the United States, with its principal place of business at 1701 Route 70 East, Cherry Hill, New Jersey 08034.

8.      Defendant Target Corporation ("Target") is a corporation organized under the laws of the State of Minnesota, with its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

9.      Defendant Equifax Information Services LLC ("Equifax") is a limited liability

**FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM**   INDEX NO. 701773/2025
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 01/22/2025

company organized under the laws of the State of Georgia, with its principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a wholly owned subsidiary of Equifax Inc. Equifax is one of the three national CRAs recognized by the FTC.[1]

10.   Defendant Trans Union LLC a/k/a Transunion ("TransUnion") is a limited liability company organized under the laws of the state of Delaware, with its principal place of business at 555 West Adams Street, Chicago, Illinois 60661. TransUnion is one of the three national CRAs recognized by the FTC.[2]

## STATEMENT OF FACTS

11.   TD Bank, through its partnership with Target, is the issuer of the Target/TD credit card ("Target Account") with the account number 585975211033**** in credit reports supplied to Plaintiff by the Defendant CRAs.

12.   The Target Account is being reported with inaccurate information regarding its status and balance in credit reports.

13.   On October 25, 2024, the Plaintiff entered into a settlement agreement with First Source Advantage LLC, a third-party debt collection agency that was managing the Target Account debt at the time.

14.   The Target Account debt was fully settled and paid as of October 25, 2024, and the Plaintiff no longer owes any balance.

15.   On October 28, 2024, Plaintiff sent a Notice of Dispute to the Defendants CRAs for misreporting false or erroneous information, requesting that the Defendants CRAs remove this inaccurate reporting. *See* **Exhibit A.**

---

[1] TD Bank and Target shall be referred collectively herein as the "Furnisher Defendants."

[2] TransUnion and Equifax shall be referred to collectively herein as the "Defendant CRAs."

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM
NYSCEF DOC. NO. 1

INDEX NO. 701773/2025
RECEIVED NYSCEF: 01/22/2025

16.    Despite the settlement and full payment made on October 25, 2024, the Target Account continues to be reported inaccurately on the Plaintiff's credit reports:

- TransUnion: This reports "c/o" remarks as of November 2024, which is incorrect since the debt was settled and paid on October 25, 2024.

- Equifax: This reports inaccurately an unpaid balance of $210.00 which should not be the case, as the debt was satisfied as of October 2024.

17.    The inaccurate reporting of this account has caused significant damage to Plaintiff's credit score. The erroneous indication of an outstanding balance has resulted in a lowered credit score, making it more difficult for the Plaintiff to obtain credit.

18.    Both Target and TD Bank have failed to ensure accurate reporting of this account. They have not protected the Plaintiff's rights by making the necessary updates to reflect the settlement and closing of the account with a zero balance.

### VIOLATIONS OF THE FCRA
### (15 U.S.C. § 1681, *et seq.*)

19.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

20.    Plaintiff is a "consumer" as defined by the FCRA. *See* 15 U.S.C § 1681a(c).

21.    Furnishers Defendants are "furnishers" of information to consumer reporting agencies, with a duty to fulfill the statutory responsibilities enumerated under 15 U.S.C § 1681s-2, including providing accurate information relating to consumers.

22.    Each of the Furnisher Defendants are also a "person" as defined by the FCRA. *See* 15 U.S.C § 1681a(b).

23.    Subpart E of Regulation V, the FCRA's implementing regulation, applies to furnishers of information, including the Furnisher Defendants. *See* 12 C.F.R §§ 1022.1, 1022.40.

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM
NYSCEF DOC. NO. 1

INDEX NO. 701773/2025
RECEIVED NYSCEF: 01/22/2025

24.     The Defendant CRAs each qualify as a "consumer reporting agency" as defined by the FCRA. *See* 15 U.S.C § 1681a(f).

25.     The Defendant CRAs each qualify as a "consumer reporting agency that complies and maintains files on consumers on a nationwide basis," as defined by the FCRA. *See* 15 U.S.C §1681a(p).

### COUNT I
**Willful Reporting of Inaccurate Information to Consumer Reporting Agencies
(15 U.S.C. §§ 1681s-2, 1681n)**
*AS TO THE FURNISHER DEFENDANTS*

26.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

27.     The FCRA prohibits furnishers from reporting information to a CRA "with actual knowledge of errors" and "after notice and confirmation of errors." See 15 U.S.C § 1681s-2(a)(1).

40.     Specifically, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." *See* 15 U.S.C. § 1681s-2(a)(1)(A). "The term 'reasonable cause to believe that the information is inaccurate' means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information." 15 U.S.C. § 1681s-2(a)(1)(D).

28.     Additionally, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -- (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate." *See* 15 U.S.C. § 1681s-2(a)(1)(B).

41.     Upon receipt of notice of a dispute regarding the completeness or accuracy of information provided to a CRA under 15 U.S.C. § 1681i(a)(2), a furnisher of the disputed

information must conduct a timely investigation and correct and discontinue any inaccurate reporting. *See* 15 U.S.C. § 1681s-2(b).

29.    Regulation V provides that "[e]ach furnisher must establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency," and "review its policies and procedures required by this section periodically and update them as necessary to ensure their continued effectiveness." *See* 12 C.F.R. § 1022.42.

30.    Regulation V defines "accuracy" as:

[I]nformation that a furnisher provides to a consumer reporting agency about an account or other relationship with the consumer [that] correctly: (1) [r]eflects the terms of and liability for the account or other relationship; (2) [r]eflects the consumer's performance and other conduct with respect to the account or other relationship; and (3) [i]dentifies the appropriate consumer.

31.    The Furnisher Defendants reported inaccurate account information regarding the Target Account to the Defendant CRAs, which was incorporated into Plaintiff's credit file and credit reports issued by the Defendant CRAs.

32.    The inaccurate information included: (i) contradictory account data; (ii) inaccurate and conflicting payment histories; (iii) missing data including positive/timely payment remarks; and despite the account being closed, it still reflects outstanding debt or balances.

33.    The Furnisher Defendants each received notice of Plaintiff's Notice of Dispute regarding the accuracy of his account information as reported to the Defendant CRAs.

34.    The Furnisher Defendants' deliberate and ongoing furnishing of incomplete, inaccurate, and contradictory information regarding Plaintiff's Target Account has caused Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM
NYSCEF DOC. NO. 1

INDEX NO. 701773/2025
RECEIVED NYSCEF: 01/22/2025

to retain professionals to assist with credit recovery, and other actual damages.

35.    As a result of the Furnisher Defendants' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred, pursuant to 15 U.S.C. § 1681n.

## COUNT II
### Negligent Reporting of Inaccurate Information to Consumer Reporting Agencies
### (15 U.S.C. §§ 1681s-2, 1681o)
### *AS TO FURNISHER DEFENDANTS*

36.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

37.    After receiving notice of Plaintiff's dispute regarding the accuracy of his account information as reported by the Defendant CRAs, the Furnisher Defendants thereafter negligently failed and refused to conduct any required investigation or to correct the disputed information and have continued inaccurately furnishing information to the Defendant CRAs regarding Plaintiff's Target Account in violation of 15 U.S.C. § 1681s-2.

38.    The Furnisher Defendants "regularly in the ordinary course of business furnishes information to one or more consumer reporting agencies about [its] transactions or experiences with any consumer." *See* 15 U.S.C. § 1681s-2(a)(2).

39.    The Furnisher Defendants furnished inaccurate information about the Target Account to the Defendant CRAs, which was incorporated into Plaintiff's credit file and credit reports. The Furnisher Defendants know, or should have known, had they conducted the required investigation, that the information they furnished to the Defendant CRAs was inaccurate.

40.    As a compiler and furnisher of consumer information concerning Plaintiff's Target Account, the Furnisher Defendants had a duty to ensure the accuracy of any such information furnished to the Defendant CRAs, and prevent the furnishing of inaccurate information, knowing

that it had purchased the debt from another creditor. *See* 15 U.S.C. § 1681s-2(a)(6).

41.     Upon information and belief, the Furnisher Defendants have further negligently persisted in reporting inaccurate information to the Defendant CRAs without providing notice that Plaintiff has disputed such information, in violation of 15 U.S.C. § 1681s-2(3).

42.     Accordingly, the Defendant CRAs have continued producing credit reports for Plaintiff containing inaccurate and damaging credit information.

43.     The Furnisher Defendants' negligent and ongoing furnishing of improper, inaccurate information regarding Plaintiff's Target Account has caused Plaintiff to suffer damage including loss and reduction of credit, damage to his credit rating, higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual damages.

44.     As a result of the Furnisher Defendants' negligent conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C § 1681o, including: (i) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and lawsuit defense; (ii) statutory damages; and (iii) recovery of attorneys' fees and costs incurred herein.

**COUNT III**
**Willful Failure to Assure Accuracy of Consumer Information in Credit Report**
**(15 U.S.C. §§ 1681e(b), 1681n)**
***AS TO THE DEFENDANT CRAS***

45.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

46.     "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM    INDEX NO. 701773/2025
NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 01/22/2025

individual about whom the report relates" 15 U.S.C. § 1681e(b).

47.    The Defendant CRAs received Plaintiff's Notice of Dispute demonstrating that Plaintiff's credit report contained inaccurate information.

48.    Despite receipt of the foregoing, the Defendant CRAs deliberately failed and refused to undertake a reasonable investigation to ensure the accuracy of reported information concerning Plaintiff's Target Account.

49.    Although the information Plaintiff provided was sufficient to verify that the disputed information in Plaintiff's credit report was inaccurate, the Defendant CRAs failed and refused to properly review it, and further failed and refused to contact Plaintiff or the Furnisher Defendants for any additional information that would assist in a reasonable investigation.

50.    Accordingly, the Defendant CRAs continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

51.    The failure to follow reasonable procedures to assure maximum possible accuracy of the information in their reports was malicious, intentional, reckless, and willful.

52.    As a result of the Defendant CRAs' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred, pursuant to 15 U.S.C § 1681n.

## COUNT IV
### Negligent Failure to Assure Accuracy of Consumer Information in Credit Report
### (15 U.S.C. §§ 1681e(b), 1681o)
### *AS TO THE DEFENDANT CRAS*

53.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully.

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM    INDEX NO. 701773/2025
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 01/22/2025

set forth herein.

54.    Despite receipt of evidence that Plaintiff's credit report contained inaccurate information, the Defendant CRAs failed to establish and follow reasonable procedures to promptly investigate and ensure the accuracy of reported information concerning Plaintiff's Target Account.

55.    Accordingly, the Defendant CRAs continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

56.    As a result of the Defendant CRAs' negligent conduct in violation of the FCRA, Plaintiff is entitled to actual and statutory damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C. § 1681o.

**COUNT V**
**Willful Failure to Assure Accuracy of Consumer Information in Credit File**
**(15 U.S.C. §§ 1681i, 1681n)**
*AS TO THE DEFENDANT CRAS*

57.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

58.    "[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency [...] of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file [...]" 15 U.S.C. § 1681i(a)(1)(A).

59.    This investigation must be completed within thirty (30) days of the Defendant CRAs' receipt of the Notice of Dispute. *See id.*

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM      INDEX NO. 701773/2025
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 01/22/2025

60.     Defendant CRAs must also provide notice of dispute to any furnisher of the disputed information, within five (5) business days of receipt.

61.     "In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information." 15 U.S.C. § 1681i(a)(4).

62.     Within five (5) business days of completing a reinvestigation, the Defendant CRAs must provide the consumer with written notice of the results and additional statutory notices.

63.     Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs deliberately failed and refused to undertake the required reinvestigation of Plaintiff's credit file, or to ensure the accuracy of reported information concerning Plaintiff's Target Account.

64.     Although the information Plaintiff provided should have been sufficient to verify that the disputed information in Plaintiff's credit file was inaccurate, the Defendant CRAs failed and refused to properly review it, and further failed and refused to contact Plaintiff for any additional information that would assist in a reasonable investigation.

65.     Upon information and belief, the Defendant CRAs also failed to provide Plaintiff with written notice of the results of the investigation, or any of the additional required statutory notices, in violation of 15 U.S.C. § 1681i.

66.     Defendant CRAs further failed to correct inaccurate and damaging credit information contained in Plaintiff's credit file, causing Plaintiff to suffer damage including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit recovery, and other actual damages.

67.     Defendant CRAs' failure to follow reasonable procedures to assure maximum

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM                    INDEX NO. 701773/2025
NYSCEF DOC. NO. 1                                             RECEIVED NYSCEF: 01/22/2025

possible accuracy of the information in their credit files was malicious, intentional, reckless, and willful.

68.     As a result of the Defendant CRAs' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C § 1681n.

**COUNT VI**
**Negligent Failure to Assure Accuracy of Consumer Information in Credit File**
**(15 U.S.C. §§ 1681i, 1681o)**
***As To The Defendant CRAs***

69.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

70.     Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs had a duty to undertake the required reinvestigation of Plaintiff's credit file, and to ensure the accuracy of reported information concerning the Target Account.

71.     The Defendant CRAs failed to provide notice of Plaintiff's disputes to the furnishers of the disputed information, as required under 15 U.S.C § 1681i(a)(2).

72.     The Defendant CRAs failed to investigate Plaintiff's dispute or to properly consider the information Plaintiff submitted in connection with the dispute, and further failed and refused to contact Plaintiff, or the furnishers of the disputed information, for any additional information that would assist in a reasonable investigation.

73.     Defendant CRAs failed to correct inaccurate and damaging credit information contained in Plaintiff's credit file, or to provide Plaintiff with written notice of the results and additional required statutory notices, in violation of 15 U.S.C. § 1681i.

74.     This caused Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options,

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM    INDEX NO. 701773/2025
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/22/2025

payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

75.    As a result of the Defendant CRAs' negligent conduct in violation of the FCRA, Plaintiff is entitled to actual and statutory damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C. § 1681o.

## VIOLATIONS OF N.Y. GENERAL BUSINESS LAW

76.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

77.    Section 374 through 382-b of Article 25 of the New York General Business Law codify New York's Fair Credit Reporting Act.

78.    Plaintiff is a "consumer" within the meaning of the NYFCRA. *See* GBL § 380-a(b).

79.    Furnisher Defendants are each a "person" within the meaning of the NYFCRA. *See* GBL § 380-a(a).

80.    Defendant CRAs are each a "consumer reporting agency" within the meaning of the NYFCRA. *See* GBL § 380-a(e).

### COUNT VII
**Willful Reporting of Inaccurate Information to Consumer Reporting Agencies
(N.Y. Gen. Bus. Law § 380-o)
*AS TO THE FURNISHER DEFENDANTS***

81.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

82.    The NYFCRA prohibits the knowing and willful introduction or attempt to introduce false information into a consumer reporting agency's files. *See* GBL § 380-o(2). Persons who violate Section 380-o are subject to fines of up to $5,000.00, imprisonment, or both. *See id.*

83.    As a result of the Furnisher Defendants' knowing and willful introduction of false

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM
NYSCEF DOC. NO. 1

INDEX NO. 701773/2025
RECEIVED NYSCEF: 01/22/2025

information regarding Plaintiff's Target Account into the files of the consumer credit bureaus, Plaintiff has suffered damages including loss and reduction of credit, damage to his credit rating, higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual damages.

84.    As a result of the Furnisher Defendants' foregoing conduct in violation of the NYFCRA, Plaintiff has been damaged and is entitled to damages pursuant to GBL § 380-l, including: (i) statutory damages in an amount up to $5,000.00, to be determined by the Court; (ii) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and lawsuit defense; (iii) punitive damages; and (iv) attorneys' fees and costs incurred.

## COUNT VIII
### Failure to Investigate and Resolve Consumer Dispute
### (N.Y. Gen. Bus. Law §§ 380-f, 380-m)
### *AS TO THE DEFENDANT CRAS*

85.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

86.    Pursuant to GBL § 380-f(a):

*If a consumer disputes any item of information contained in his file, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall promptly re-investigate and record the current status of such information, unless it has reasonable grounds to believe that the dispute by the consumer is frivolous, and it shall promptly notify the consumer of the result of its investigation, its decision on the status of the information and his rights pursuant to this section.*

87.    If, after conducting the re-investigation, the Defendant CRAs can no longer verify an item, or confirms an error, the Defendant CRAs must, among other things, (i) "promptly expunge the item and otherwise correct the file"; (ii) "refrain from reporting the item in subsequent

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM
NYSCEF DOC. NO. 1

INDEX NO. 701773/2025
RECEIVED NYSCEF: 01/22/2025

consumer reports"; and (iii) "clearly and conspicuously disclose to the consumer his rights to make a request for notification." *See* GBL § 380-f(b).

88.    Further "if any item disputed and reinvestigated is found to be in error or can no longer be verified, upon completion of the reinvestigation of all items disputed, the Defendant CRAs shall promptly mail the consumer a corrected written copy of the file, reflecting any changes, with an explanation of any code used, at no charge to the consumer." GBL § 380-f(d).

89.    Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs were obligated to investigate Plaintiff's claims, notify Plaintiff of the results of the investigation, and fulfill any additional requirements of GBL § 380-f.

90.    Defendant CRAs failed to undertake any investigation of Plaintiff's dispute, or to review any information provided in connection with the dispute and likewise failed to revise or correct the inaccurate information in Plaintiff's credit file.

91.    Upon information and belief, the Defendant CRAs further failed to notify Plaintiff of the results of their investigation, considering no such investigation ever took place.

92.    As a result, Plaintiff has suffered damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

93.    Accordingly, Plaintiff is entitled to recover actual damages, together with reasonable attorneys' fees and costs pursuant to GBL § 380-m.

94.    Defendant CRAs are further liable to Plaintiff pursuant to GBL § 380-l, for actual damages, punitive damages, and attorneys' fees and costs incurred.

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM
NYSCEF DOC. NO. 1

INDEX NO. 701773/2025
RECEIVED NYSCEF: 01/22/2025

**WHEREFORE,** Plaintiff respectfully demands judgement awarding all actual, statutory,

and/or punitive damages and other relief available pursuant to applicable law.

Dated: Brooklyn, New York
January 22, 2025

          **PETROFF AMSHEN LLP**
          *Attorneys for Plaintiff,*
          Kervin Leatham

          */s/ Serge F. Petroff*
          Serge F. Petroff, Esq.
          1795 Coney Island Avenue, Third Floor
          Brooklyn, New York 11230
          Telephone: (718) 336-4200
          Email: spetroff@petroffamshen.com

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM
NYSCEF DOC. NO. 2

INDEX NO. 701773/2025
RECEIVED NYSCEF: 01/22/2025

# EXHIBIT A

FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM

NYSCEF DOC. NO. 2

INDEX NO. 701773/2025

RECEIVED NYSCEF: 01/22/2025

**Certified Mail Tracking Information**

**Name: Kervin Leatham**
**Date sent: 10/28/24**

**EQ**: https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765486178477

**EX**:  https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765486178569

**TU**: https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765486178545

**FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM**
NYSCEF DOC. NO. 2

INDEX NO. 701773/2025
RECEIVED NYSCEF: 01/22/2025

Kervin Leatham
87-37 250th St
Bellerose, New York 11426
Date of Birth: 01/11/■
SS#: 7443

**Notice of Dispute**

Equifax Information Services LLC
P.O. Box 740256
Atlanta, GA 30374 - 0256

10/28/2024

To the following creditors, I would like to dispute the follow accounts for misreporting false or erroneous information that is negatively affecting my credit.

Accounts to Dispute:

1. Charge-off account has inaccurate information
   TARGET/TD
   Account Number: 585975211033****
   I believe this charge-off account is reporting inaccurately because I called and settled this debt on October 25, 2024; therefore, I no longer owe a balance. I made a settlement agreement with First Source Advantage LLC, a third-party debt collection agency that was managing the debt. This account should reflect a paid and closed status with a zero balance. I have provided a screenshot as proof that the debt has been paid and satisfied as of October 2024. This inaccurate reporting has damaged my credit and my ability to utilize my credit. Please investigate this issue and make the necessary changes to my credit report immediately as of October 2024.

Please investigate the aforementioned accounts, and make the necessary updates to my credit report.

I have included copies of my driver's license, social security card and bill in order to confirm and act as proof of my identity, name and adress in my credit report. Also I have provided my address, date of birth and last four digits of my social security number above in order to properly locate my file.

I appreciate your help in this matter.

Warm regards,

Kervin Leatham

**FILED: QUEENS COUNTY CLERK 01/22/2025 10:50 AM**
NYSCEF DOC. NO. 2

INDEX NO. 701773/2025
RECEIVED NYSCEF: 01/22/2025

Kervin Leatham
87-37 250th St
Bellerose, New York 11426
Date of Birth: 01/11/█
SS#: 7443

**Notice of Dispute**

TransUnion LLC Consumer Dispute Center
PO Box 2000
Chester, PA 19016

10/28/2024

To the following creditors, I would like to dispute the follow accounts for misreporting false or erroneous information that is negatively affecting my credit.

Accounts to Dispute:

1. Charge-off account has inaccurate information
   TARGET/TD
   Account Number: 585975211033****
   I believe this charge-off account is reporting inaccurately because I called and settled this debt on October 25, 2024; therefore, I no longer owe a balance. I made a settlement agreement with First Source Advantage LLC, a third-party debt collection agency that was managing the debt. This account should reflect a paid and closed status with a zero balance. I have provided a screenshot as proof that the debt has been paid and satisfied as of October 2024. This inaccurate reporting has damaged my credit and my ability to utilize my credit. Please investigate this issue and make the necessary changes to my credit report immediately as of October 2024.

Please investigate the aforementioned accounts, and make the necessary updates to my credit report.

I have included copies of my driver's license, social security card and bill in order to confirm and act as proof of my identity, name and adress in my credit report. Also I have provided my address, date of birth and last four digits of my social security number above in order to properly locate my file.

I appreciate your help in this matter.

Warm regards,

Kervin Leatham